OPINION,
That in the slaves, to the possession of which the plaintiff Anne, by the marriage contract between her former husband, William Roane, the testator, and herself, was intitled, in lieu of dower, those which were her property, at the time of her intermarriage, ought not to have been included, because the slaves, which by the contract, she should have and enjoy in the event of her surviving him, Whether having a child by him or not, are supposed to be his proper slaves, since a power to settle them on her, in lieu of dower, or otherwise, implieth a property in him at the time of the contract, or at the time of his death; whereas the slaves which the plaintiff Anne had, at the time of the contract and intermarriage, were not his property, but were her property, and remained her property, when he died without having a child by her, and were not subject to the laws and regulations of dower slaves; that the plaintiffs ought not to be precluded, by the order and decree of Essex county court and the division and assignment made in obedience thereunto, from recovering now so many of the slaves as the plaintiff Anne was entitled to more than what were then assigned to her, because she was not a party in the *143 suit, if it can be called a suit,* wherein that order and decree were made; nor doth her present demand appear to have been discussed at that time; that whether the gifts by the testator to his sons Spencer and Thomas be fraudulent as to the plaintiff Anne? is a question not proper to be decided in this case, as it is now brought, on, the donees not being parties; and that the plaintiff Anne was intitled to the two horses only, which she hath received, because only that pair, having ordinarily drawn the carriage, to *which the horses were said to ‘belong,’ are understood to have been designated, and made this
DECREE,
That of the surviving slaves which were in possession of the testator William Roane, at the time of his death, exclusive of the unprofitable from old age and infirmity, and also exclusive as well of the plaintiffs now proper slaves, and the nine formerly received by the plaintiff Anne, as those given by the deeds of gift to the testators sons Spencer and Thomas, although they might have been in his possession at his death, eleven, or so many more as, with those nine, will be equal to one third part, be assigned to the plaintiffs, together with the children of any females among those so to be assigned, born since the testators death, the value of which slaves so to be assigned shall be in like proportion to the value of the stock, whence they are to be taken, as one of the numbers is to the other; and that the defendents account with the plaintiffs for the profits of the slaves to be assigned from the end of the year in which the testator died; and the court doth award an injunction to the judgment of the de-fendents against the plaintiffs in the action at common law, until the account of administration of the testators estate, now directed to be stated and reported, shall discover whether a surplus thereo* remain, the plaintiffs share of which may discharge, or be discounted out of, that debt.
This decree, from which the defendents appealed, was affirmed in november, 1791. †

 ¡ Et was an ex parte motion by the Executors, for the appointment of commissioners to value, assign and divide the slaves. 1 Wash. 48 and 81. — Ed. i — Note in edition of 1852.

This appeal is reported in 1 washington, 47.— Note in edition oi 1882.